SALNAVE *vs.* McDONOUGH'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In an action for the balance due on an account, the prescription of three
years, for the hire of movables or immovables, is applicable.

In such an action, where part of a claim was barred by prescription, and
there was evidence of a partial payment made upon the claim; *held* the
amount paid must be imputed upon that part of the claim which is
prescribed.

The plaintiff claimed of the defendant, as testamentary
executor of William McDonough, the sum of two thousand
seven hundred and nineteen dollars and seventy-five cents,
for the hire of two negro men slaves, from February, 1828,
to November, 1832, at twenty dollars per month for each,
and for several other items, specified in the account annexed
to her petition. She alleged, that at the request of the
deceased, she had suffered the sum due her to accumulate in
his hands, on the faith of his repeated promises to invest the
amount when it should be sufficient, in a house and lot
for her.

The defendant pleaded the general denial and prescrip-
tion.

*Tourné*, for plaintiff, testified that the said slaves had been
employed by the deceased from 1826 until the time of his
death. Their services were worth from twenty to twenty-
five dollars per month, for each.

*Ludeling*, testified that the slaves had worked for the
deceased from 1827, until his death. Deceased frequently
advised plaintiff not to draw from his hands the wages of the
negroes monthly, and he promised to invest the amount for
her when it should be sufficiently large.

*Hempkin*, testified, that McDonough, in the summer pre-
ceding his death, admitted to witness that he owed plaintiff

SALNAVE
*vs.*
MCDONOUGH'S
EX'R.

three or four thousand dollars, including the items claimed in this suit.

*Reed,* for the defendant, testified that the deceased had generally paid the plaintiff's son every week, for the hire of the slaves, since June, 1832. This testimony was corroborated by that of *Forsyth.*

*McLaughlin,* testified, that in 1829, the hire of the negroes was usually paid weekly, to a mulatress, in the name of the plaintiff, her mistress. It was afterwards paid to a lad, said to be plaintiff's son. He thinks a week never elapsed without the payment of the hire being made. Witness lived with the deceased from December, 1829, to May, 1830.

*Short,* testified, that during five or six months of the year 1831, the deceased paid the hire of the negroes to a lad called the plaintiff's son.

The defendant's witnesses concurred in proving the habit of the deceased, to take no receipts for these payments.

Judgment was rendered for the plaintiff, and the defendant appealed.

*Carleton* and *Lockett,* for defendant and appellant.

*Schmidt, contra,* urged,

The weight of evidence is in favor of the plaintiff, and as the question is one simply of fact, the judge *a quo,* was the proper person to appreciate it. The judgment ought, consequently, to be affirmed.

MATHEWS, J., delivered the opinion of the court.

This is a suit on an account, in which the plaintiff claims from the succession of the testator, a certain sum for the hire of slaves, and for articles sold to him during his life time. The answer contains a plea of prescription and the general issue. Judgment was rendered in the court below in favor of the plaintiff, for the sum of two thousand two hundred and seventy dollars, from which the defendant appealed.

The decision of the case depends principally on matters of fact, as disclosed by the testimony, and so far as the judgment of the Court of Probates is based on the facts of the case, we see no reason to form an opinion different from that expressed by the court below.

EASTERN DIS.
April, 1834.

SALNAVE
vs.
MCDONOUGH'S
EX'R.

The greatest part of the sum claimed, is for the hire of slaves, and against this charge, the prescription pleaded, is to be found in the article 3503 of the *Louisiana Code*, which limits claims for the hire of movables or immovables, to three years. In the present instance, there is claimed for the services of two slaves, at the rate of twenty dollars per month each, from the 1st of February, 1828, to the 1st of November, 1832, being a period of four years and nine months. The citation in the suit, was served on the 14th of March, 1833, five years one month and fourteen days from the commencement of the hire claimed. The year's hire, which accrued from the 1st February, 1828, to the 1st February, 1829, would be barred by the three years prescription, after the 1st of February 1832. That accruing from 1st February, 1829, to 1st of February, 1830, was prescriptible after the 1st of February, 1833. But the present action was not commenced until the 14th of March of that year, therefore, two year's hire fall within the prescription relied on by the defendant, which reduces the plaintiff's claim nine hundred and sixty dollars, to be taken from the judgment rendered for two thousand two hundred and seventy dollars, leaving a balance of one thousand three hundred and ten dollars. An allowance of payment, to the amount of two hundred and ten dollars was admitted by the court below, as having been made by the testator on account, for the hire of these slaves, which ought to be imputed to the hire which first became due, and as the plaintiff loses by prescription the whole of the hire for the two first years, it would be unjust to impose on her this further loss of the two hundred and ten dollars. She ought to have judgment for one thousand five hundred and twenty dollars.

*In an action for the balance due on an account, the prescription of three years, for the hire of movables or immovables, is applicable.*

*In such an action, where part of a claim was barred by prescription, and there was evidence of a partial payment made upon the claim: held the amount paid must be imputed upon the that part of the claim which is prescribed.*

It is, therefore, ordered, adjudged and decreed, that the

judgment of the Court of Probates be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant, in his capacity of executor, &c., the sum of fifteen hundred and twenty dollars, with costs in the lower court, those of the appeal to be borne by the appellee.